UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JOSE MARIO PEREZ, JR.

                              Plaintiff,

        v.

581 2ND AVE. LLC AND E & E RESTAURANT 2,
LLC,

                              Defendants.

----------------------------------------------------------------x

CV

COMPLAINT

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff Jose Mario Perez, Jr. (hereafter referred to as "Plaintiff"), by counsel, Hanski Partners LLC, as and for the Complaint in this action against Defendants 581 2nd Ave. LLC and E & E Restaurant 2, LLC (together referred to as "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code").

2.      As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

3.      These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for Defendants to accept responsibility.

4.      This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

7.    At all times relevant to this action, Plaintiff Jose Mario Perez, Jr. has been and remains currently a resident of the State and City of New York.

8.    At all times relevant to this action, Plaintiff Jose Mario Perez, Jr. has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

9.    Defendant 581 2nd Ave. LLC owns the property located at 581 Second Avenue in New York County, New York (hereinafter referred to as "581 Second Avenue").

10.    Defendant E & E Restaurant 2, LLC operates a restaurant doing business as Hill and Bay, which offers a diverse menu of food and drinks.

11.    At all relevant times, defendant E & E Restaurant 2, LLC operates and/or leases property located at 581 Second Avenue from the defendant 581 2nd Ave. LLC in which it operates a restaurant doing business as Hill and Bay (hereinafter referred to as the "Hill and Bay premises").

12.    Upon information and belief, 581 2nd Ave. LLC and E & E Restaurant 2, LLC have a written lease agreement.

13.    Each defendant is licensed to and does business in New York State.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.    Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Hill and Bay premises located at 581 Second Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and

28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

15.    The Hill and Bay premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102) as it is a facility operated by a private entity and its operations affect commerce.

16.    Numerous architectural barriers exist at the Hill and Bay premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

17.    Upon information and belief, at some time after January 1992, alterations were made to 581 Second Avenue, including areas adjacent and/or attached to 581 Second Avenue.

18.    Upon information and belief, at some time after January 1992, alterations were made to the Hill and Bay premises, and to areas of 581 Second Avenue related to the Hill and Bay premises.

19.    Within the past three years of filing this action, Plaintiff attempted to and desired to access the Hill and Bay premises.

20.    Although Plaintiff wants to access the Hill and Bay premises, so he can enjoy the food served at the Hill and Bay premises, Plaintiff is unable to do so because of the architectural barriers Defendants maintain at the Hill and Bay premises and at 581 Second Avenue.

21.    Plaintiff would like to access the Hill and Bay premises, however, Defendants exclude individuals with mobility disabilities by creating and maintaining steps that exclude individuals with disabilities who use wheelchairs.

22.    Plaintiff uses a wheelchair for mobility and a public entrance with a step is no different than a sign informing wheelchair users to "keep out." *See* 134 Cong. Rec. S10,454, 10,491 (1988) (statement of Sen. Simon) (noting that the architectural barriers are like "Keep Out" signs to the disabled).

23.    The services, features, elements and spaces of the Hill and Bay premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D  (hereinafter referred to as the "2010 Standards" or the "2010 ADA")

24.    Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Hill and Bay premises that are open and available to the public.

25.    Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard

ICC/ANSI 117.1 2003 ("2008 Ref Std") and the 2014 New York City Building Code

("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014

Ref Std").

26.     Barriers to access that Plaintiff encountered and/or which deter Plaintiff

from patronizing the Hill and Bay premises as well as architectural barriers that exist

include, but are not limited to, the following:

I.      An accessible route is not provided from the public street and sidewalk to the public entrance of the Hill and Bay premises.
*Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II.     The route from the sidewalk to the public entrance of the Hill and Bay premises has steps.
*Defendants fail to provide accessible routes that are stable, firm and slip resistant with running slopes not more than five percent (1:20) and cross slopes not more than two percent (1:48). See 1991 ADA § 4.3.1; 2010 ADA § 403.1; 1968 Ref Std § 4.3.1; 2008 Ref Std § 403.1; and 2014 Ref Std § 403.1.*

III.    There are steps at the exterior side of the public entrance door to the Hill and Bay premises which have a change in level greater than ½ inch high.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

IV.     The stairs on the exterior side of the public entrance door to the Hill and Bay premises lacks handrails on both sides.
*Defendants fail to provide handrails on both sides of the stairs. See 1991 ADA § 4.9.4; 2010 ADA § 505.2; 1968 Ref Std § 4.9.4; 2008 Ref. Std § 505.2; and 2014 Ref. Std § 505.2.*

V.    The public entrance to the Hill and Bay premises is not accessible.
*Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 ADA § 4.1.3(8)(a)(i).*
*Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 ADA § 206.4.1.*
*Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

VI.    Maneuvering clearances for pulling open the entrance door to the Hill and Bay premises is not provided due to the steps.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

VII.    No signage accurately identifies an accessible entrance to the Hill and Bay premises (to the extent Defendants claim they provide an accessible public entrance).
*Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA § 216.6; 1968 BC § 27- 292.18; 2008 BC § 1110; and 2014 BC §§ 1101.3.4; and 1110.*

VIII.    There is no directional signage at the inaccessible entrance to the Hill and Bay premises that indicates the location of an accessible entrance to the Hill and Bay premises (to the extent Defendants claim they provide an accessible entrance).
*Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA Standards § 216.6.*
*Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b).*
*Defendants fail to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; and 2014 BC §§ 1101.3.3; and 1110.2.*

IX.    The ramp to the service entrance of the Hill and Bay premises slopes in excess of 8.33%.

*Defendants fail to provide that ramp runs shall have a running slope not steeper than 1:12 at accessible ramps. See 1991 ADA § 4.8.2; 2010 ADA § 405.2; 1968 Ref Std § 4.8.2; 2008 Ref Std § 405.2; and 2014 Ref Std § 405.2.*

X.    The ramp to the service entrance of the Hill and Bay premises lacks handrails on both sides.

*Defendants fail to provide handrails on both sides of the ramp. See 1991 ADA § 4.8.5; 2010 ADA §§ 405.8 and 505.2; 1968 Ref Std § 4.8.5; 2008 Ref. Std § 505.2; and 2014 Ref. Std § 505.2.*

XI.    The ramp to the service entrance of the Hill and Bay premises lacks a clear and level landing at the top and bottom of the ramp.

*Defendants fail to provide accessible ramps with slopes not steeper than 1:48 at the landings. See 1991 ADA § 4.8.4; 2010 ADA § 405.7; 1968 Ref Std § 4.8.4; 2008 Ref Std § 405.7.1; and 2014 Ref Std § 405.7.1.*

XII.    The ramp to the service entrance of the Hill and Bay premises lacks a top landing of at least 60 inches in length.

*Defendants fail to provide a landing clear length of at least 60 inches (1525 mm) long minimum. See 1991 ADA § 4.8.4; 2010 ADA § 405.7.3; 1968 Ref Std § 4.8.4; 2008 Ref. Std § 405.7.3; and 2014 Ref. Std § 405.7.3.*

XIII.    The ramp to the service entrance of the Hill and Bay premises lacks edge protection.

*Defendants fail to provide the required edge protection at accessible ramps. See 1991 ADA § 4.8.7; 2010 ADA § 405.9; 1968 Ref Std § 4.8.7; 2008 Ref Std § 405.9; and 2014 Ref Std § 405.9.*

XIV.    Maneuvering clearances for pulling open the service entrance door to the Hill and Bay premises is not provided due to sloping greater than 2.0%.

*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

XV.   Defendants fail to provide accessible dining surfaces inside the Hill and Bay premises.

*Defendants fail to provide that where seating, tables and/or work stations are provided in usable spaces, at least one and not less than 5 percent shall be accessible. See 1968 BC § 27-292.10(a)(3).*

*Defendants fail to provide that where fixed tables (or dining counters where food is consumed but there is no service) are provided, at least 5 percent, but not less than one, of the fixed tables (or a portion of the dining counter) shall be accessible. See 1991 ADA § 5.1.*

*Defendants fail to provide that where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall be accessible. See 2010 ADA § 226.1; 2008 BC § 1109.11; and 2014 BC § 1109.10.*

XVI.   The interior tables have chairs or a post that obstruct knee and toe clearances required for a forward approach to the seating.

*Defendants fail to provide (due to chairs, table pedestals or table legs) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § 902.2; and 2014 Ref Std § 902.2.*

XVII.   There is no accessible seating at the bar in the Hill and Bay premises.

*Where food or drink is served at counters exceeding 34 inches in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 inches in length minimum shall be accessible or service shall be available at accessible tables within the same area. See 1991 ADA §§ 5.1 and 5.2.*

*Defendants fail to provide that where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall be accessible. See 2010 ADA §§ 226.1 and 902.*

*Defendants fail to provide that at least 5 percent of the seating and standing spaces are accessible. See 1968 BC § 27-292.10(a)(3); 2008 1109.11; and 2014 BC § 1109.10.*

XVIII.   The bar counter at the at the Hill and Bay premises has a base that obstructs knee and toe clearances required for a forward approach to the seating.

*Defendants fail to provide (due to a base wall) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § § 902.2; and 2014 Ref Std § 902.2.*

XIX.  The bar counter in the Hill and Bay premises exceeds 34 inches in height.
*The tops of accessible dining surfaces shall be 28 inches minimum and 34 inches maximum above the finish floor.  See 1991 ADA § 4.32.4; 2010 ADA § 902.3; 1968 Ref Std § 4.30.4; 2008 Ref Std § § 902.3; and 2014 Ref Std § 902.4.*

XX.  Accessible interior dining surfaces are not identified by the International Symbol of Accessibility (to the extent Defendants claim they provide accessible table(s)).
*Defendants fail to provide that accessible seating shall be identified by the International Symbol of Accessibility. See 2008 BC § 1110.1(9) and 2014 BC § 1110.1(11).*

XXI.  The coffee/ice cream take-out counter for the Hill and Bay premises is not accessible.
*Defendants fail to provide that, where provided, at least one of each type of sales counter and service counter is accessible.  See 1991 ADA § 7.2; 2010 ADA § 227.3;1968 BC § 27-292.1; 2008 BC § 1109.12.3; and 2014 BC § 1109.11.3.*

XXII.  The coffee/ice cream take-out counter for the Hill and Bay premises is more than 36 inches high above the finish floor.
*Defendants fail to provide that an accessible portion of the (sales or service) counter surface is 36 inches long minimum and 36 inches high maximum above the finish floor with a clear floor or ground space positioned for a parallel approach adjacent to the accessible portion of the counter. See 1991 ADA § 7.2; 2010 ADA § 904.4.1; 1968 BC § 27-292.1; 2008 Ref Std § 904.3.1; and 2014 Ref Std § 904.3.1.*

XXIII.  The route from the sidewalk to the exterior dining tables of the Hill and Bay premises has steps.
*Defendants fail to provide accessible routes that are stable, firm and slip resistant with running slopes not more than five percent (1:20) and cross slopes not more than two percent (1:48).  See 1991 ADA § 4.3.1; 2010 ADA § 403.1; 1968 Ref Std § 4.3.1; 2008 Ref Std § 403.1; and 2014 Ref Std § 403.1.*

XXIV.  There are steps to the exterior dining to the Hill and Bay premises which has a change in level greater than ½ inch high.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

XXV. Defendants fail to provide accessible dining surfaces outside the Hill and Bay premises.

*Defendants fail to provide that where seating, tables and/or work stations are provided in usable spaces, at least one and not less than 5 percent shall be accessible. See 1968 BC § 27-292.10(a)(3).*

*Defendants fail to provide that where fixed tables (or dining counters where food is consumed but there is no service) are provided, at least 5 percent, but not less than one, of the fixed tables (or a portion of the dining counter) shall be accessible. See 1991 ADA § 5.1.*

*Defendants fail to provide that where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall be accessible. See 2010 ADA § 226.1; 2008 BC § 1109.11; and 2014 BC § 1109.10.*

XXVI. The exterior tables have chairs or a post that obstruct knee and toe clearances required for a forward approach to the seating.

*Defendants fail to provide (due to chairs, table pedestals or table legs) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § 902.2; and 2014 Ref Std § 902.2.*

XXVII. Accessible exterior dining surfaces are not identified by the International Symbol of Accessibility (to the extent Defendants claim they provide accessible table(s)).

*Defendants fail to provide that accessible seating shall be identified by the International Symbol of Accessibility. See 2008 BC § 1110.1(9) and 2014 BC § 1110.1(11).*

XXVIII. The entrance, which is also an exit, is not accessible.

*Defendants fail to provide accessible means of egress in the number required by the code. See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968 BC §§ 27-292.1 and 27-357(d); 2008 BC § 1007.1; and 2014 BC § 1007.1.*

27. Plaintiff either personally encountered or has knowledge of such barriers to access.

28. Upon information and belief, a full inspection of the Hill and Bay premises will reveal the existence of other barriers to access.

29.    As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Hill and Bay premises in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

30.    Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

31.    Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

32.    Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Hill and Bay premises continue to exist and deter Plaintiff.

33.    Plaintiff resides less than five blocks from where the Hill and Bay premises is located.

34.    Plaintiff is fond of the Asian chicken wings, mashed potatoes and bread pudding served at the Hill and Bay Premises.

35.    Plaintiff desired (and desires) to eat at the Hill and Bay premises.

36.    However, due to the inaccessible public entrance, Plaintiff was (and is) unable to gain entry.

37.     Plaintiff is also unable to independently and safely enter the Hill and Bay premises via the inaccessible service ramp.

38.     In order to eat the Asian glazed chicken wings, mashed potatoes and bread pudding served at the Hill and Bay Premises and which Plaintiff is fond of, Plaintiff must order the food to go and be met outside the Hill and Bay premises to receive his food.

39.     Plaintiff orders food to go from the Hill and Bay premises once or twice a year.

40.     Despite his desire to access and dine at the Hill and Bay premises, Plaintiff has been, and remains, deterred due to the architectural barriers at the entrance to the Hill and Bay premises.

41.     Defendants exclude Plaintiff from the Hill and Bay premises by their creation and maintenance of barriers to access, including but not limited to, an inaccessible entryway.

42.     Plaintiff desires to patronize the Hill and Bay premises to socialize and enjoy their tasty fare, including Asian glazed chicken wings, mashed potatoes and bread pudding.

43.     Plaintiff remains deterred from dining at the Hill and Bay premises because of the barriers to access that exist at the Hill and Bay premises.

44.     Plaintiff intends to dine at the Hill and Bay premises one or more times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

45.     Plaintiff also intends to utilize his visits to the Hill and Bay premises to monitor, ensure, and determine whether the Hill and Bay premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

46.     Plaintiff continues to suffer an injury due to Defendants maintenance of architectural barriers at the Hill and Bay premises.  This is because he desires to dine at the Hill and Bay premises but Defendants deny him the opportunity to do so based on disability because they maintain architectural barriers at the Hill and Bay premises. Defendants discriminate against him in violation of the ADA, the NYSHRL and the NYCHRL as they created, maintain and have failed to remove architectural barriers to wheelchair access at the Hill and Bay premises.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

47.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

48.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

49.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

50.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

51.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

52.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

53.     Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

54.     The Hill and Bay premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

55.     Defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

56.     The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

57.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

58.    By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

59.    In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

60.    Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

61.    Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

62.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

63.    Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

64.    In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the

provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

65.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

66.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

67.     Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants have aided and abetted others in committing disability discrimination.

68.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

69.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

70.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

71.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

72.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

73.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

74.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

75.     Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

76.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

77.    Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

78.    Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

79.    Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

80.    Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

81.    Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

82.    Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes

an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

83.    In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

84.    Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, 581 2nd Ave. LLC continuously controlled, managed, and operated the public sidewalk abutting 581 Second Avenue, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

85.    581 2nd Ave. LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

86.    Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

87.    Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of

policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

88.    Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

89.    Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

90.    As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

91.    Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

92.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

93.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so

reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

94.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

95.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

96.    Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

97.    Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

98.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

99.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

100.    Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

101.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

102.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E.   Award Plaintiff punitive damages in order to punish and deter the

Defendants for their violations of the NYCHRL;

F.   Award Plaintiff the monetary penalties for each and every violation of the

law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.   Find that Plaintiff is a prevailing party and award reasonable attorney's

fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

H.   Find that Plaintiff is a prevailing party and award reasonable attorney's

fees, costs, and expenses pursuant to the ADA; and

I.   For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: November 12, 2024
      New York, New York

                     Respectfully submitted,

                     **HANSKI PARTNERS LLC**

                     By:____/s_____
                           Robert G. Hanski, Esq.
                           Attorneys for Plaintiff
                           85 Delancey Street
                           New York, New York 10002
                           Telephone: (212) 248-7400
                           Email: rgh@disabilityrightsny.com